**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| v. | § | No. 3:06-CR-085-L |
| | § | |
| **ABDUL RAHMAN KARRIEM (2),** | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is an Appeal From Order Revok[ing] Bond, filed May 1, 2006. Defendant Abdul Karriem ("Karriem") requests the court to review the United States Magistrate Judge's Order Revoking Conditions of Release, filed April 21, 2006.

**I.    Factual and Procedural Background**

On March 9, 2006, Karriem was arrested for wire fraud and aiding and abetting, in violation of 18 U.S.C. §§ 1343 and 2. He appeared before the magistrate judge on the same day and was released. As a condition of his release, Karriem was ordered not to commit any offense in violation of federal, state or local law. His travel was restricted to the State of Texas, and he was to notify any new employer of the pending charges against him. On March 20, 2006, Karriem filed a motion to extend the boundaries of his pretrial release to include the continental United States. A hearing was scheduled before the magistrate judge on April 4, 2006. At the hearing, Karriem provided a letter from his employer stating that the employer, Najullah Isom of Ronin Ventures, LLC ("Ronin"), was aware of the allegations against him, and that his position with the company required him to travel. On April 12, 2006, the magistrate judge amended the conditions of release to allow Karriem to travel outside of Texas within the continental United States.

**Memorandum Opinion and Order – Page 1**

At the time the magistrate judge issued his order, he was unaware of an FBI investigation of Ronin. The investigation revealed that the company's address, as registered with the Texas Secretary of State, is also Karriem's address. The company's mailing address is a post office box opened and maintained by Karriem. The physical address for the company is office space leased by Karriem. On April 12, 2006, as a result of the investigation, the magistrate judge issued an order rescinding his order amending the conditions of pretrial release. He reinstated the original restrictions on travel, and scheduled a hearing for April 20, 2006, to hear evidence regarding Karriem's employment.

After hearing testimony and reviewing evidence regarding Ronin and Karriem's new employment, the magistrate judge determined that: (1) information that Karriem set up Ronin was purposely not provided to the court at the prior hearing; (2) Najullah Isom, who testified on Karriem's behalf, was not credible; (3) probable cause exists to believe that Ronin was purposely set up to deceive the court to allow Karriem to travel outside the court's jurisdiction to avoid the pending charges against him; (4) probable cause exists to believe that Karriem, through his attorney, submitted false evidence to the court in order to deceive the court to amend his conditions of release and to obstruct justice; (5) probable cause exists to believe that Karriem would be a flight risk if released from custody; and (6) there are no conditions, or combination of conditions, that the court could set to reasonably secure Karriem's appearance at future court appearances. The magistrate judge found that Karriem committed a criminal offense while on pretrial release, the submission of false testimony in violation of 18 U.S.C. § 1621. He ordered Karriem's conditions of release be revoked, and that he be committed to custody for confinement in a correctional facility.

In this appeal, Karriem contends that: (1) the letter from his employer is true; (2) his home address was not used to incorporate Ronin; (3) the company was not set up to deceive the court; (4) as the registered agent for the company, he was not being deceptive when he opened a bank account, leased a post office box and leased office space for the company; (5) he resigned from his position as manager of Ronin after he was indicted; (6) he has not violated the conditions of his pretrial release; and (7) he is not a flight risk if released from custody.

The Government responds that the revocation of the prior release order should be affirmed because: (1) there is probable cause that Karriem committed a felony while on release; and (2) there is no condition of release that will assure that Karriem will not flee. The Government maintains that Karriem misled the court by indicating he had obtained new employment that required him to travel out of state, when in fact the company was one he created. The Government contends that, in effect, Karriem is self-employed. The Government further contends that Karriem submitted a letter that contained a false statement to the court regarding his employment. Specifically, the letter from Ms. Isom stated that the company was aware of the allegations against Karriem. Ms. Isom testified at the hearing, however, that she did not know that Karriem is charged with fraud. The Government further asserts that, as the evidence supports the magistrate judge's finding that Ronin was set up to deceive the court to allow Karriem to travel outside the court's jurisdiction, the magistrate judge was justified in concluding that Karriem is a flight risk and should be detained.

## II.   Analysis

A district court reviews a pretrial detention order *de novo,* and makes an independent determination of the pretrial detention or the proper conditions for release. See *United States v. Fortna,* 769 F.2d 243, 249 (5th Cir.1985). The applicable statute provides that "the motion shall be

**Memorandum Opinion and Order – Page 3**

determined promptly." *See* 18 U.S.C. § 3145(a).  This review does not mandate a new evidentiary hearing, and the court may rely on the evidence introduced before the magistrate judge.  *See United States v. Baker,* 703  F.Supp. 34, 36 (N.D. Tex. 1989).  Pursuant to 18 U.S.C. § 3148(b), "[t]he judicial officer shall enter an order of revocation [of an order of release] and detention if, after a hearing, the judicial officer

>  (1)  finds that there is –
>
>  >  (A)  probable cause to believe that the person has committed a Federal, State, or local crime while on release: or
>  >
>  >  (B)  clear and convincing evidence that the person has violated any other condition of release; and
>
>  (2)  finds that –
>
>  >  (A)  based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or community; or
>  >
>  >  (B)  the person is unlikely to abide by any condition or combination of conditions of release.
>
>  If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community.  If the judicial officer finds that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by such conditions, the judicial officer shall treat the person in accordance with the provisions of section 3142 of this title and may amend the conditions of release accordingly.

*Id*.  Probable cause under this section "requires only that the facts available to the judicial officer 'warrant a man of reasonable caution in the belief' that the defendant has committed a crime while

on bail." *United States v. Gotti*, 794 F.2d 773, 777 ( quoting *Texas v. Brown*, 460 U.S. 730, 742 (1983)).

The court reviewed the tape recording of the detention hearing. The testimony from the witnesses and exhibits shows that Karriem helped established Ronin in August 2005. When Karriem requested that the conditions of his pretrial release be amended to allow him to travel for his new job with Ronin, he never revealed his relationship to the company. He never informed the probation officer or the court that he was listed as the registered agent and a manager for the corporation. Karriem was also an original signatory on Ronin's bank account and at one time was responsible for payroll for the company. On March 22, 2006, Karriem told the probation officer that he had a new job working for Ronin, when in fact he was listed as a manager for Ronin in August 2005. His home address was listed as the company's address, and the company's letterhead reflected a post office box he leased.

Ms. Isom testified that she wrote the letter stating that Karriem was an employee of Ronin, and that travel outside of Texas was necessary for his employment. She further testified that she was unaware that Karriem was charged with fraud. He only told her it had to do with his previous mortgage company.

The court determines that Karriem deliberately misled the magistrate judge regarding his relationship with Ronin. Ronin was not an independent company for which he found new employment, but was a company he helped create, and for which he once held a managerial role. Further, Karriem failed to inform Ms. Isom that he was charged with fraud. Karriem thus violated a condition of his release by failing to notify his "new employer" of the charges pending against him. Further, there is probable cause to believe that Karriem submitted false testimony to the magistrate judge regarding Ronin and whether he had advised Ronin of the pending charges, and

**Memorandum Opinion and Order – Page 5**

thus committed perjury in violation of 18 U.S. C. § 1621. This is a violation of the condition of his release that he not commit any offense in violation of federal law. The court also determines that Karriem purposely misled the court so that he could travel outside the State of Texas. All of these actions by Karriem indicate that he is a flight risk. In this regard, the credibility of Karriem weighs heavily in the court's determination whether he will be a flight risk. A court has to be able to rely on the veracity of a defendant, or other credible testimony, to determine whether one is a flight risk. Here, Karriem's testimony is crucial. A statement that is a half-truth or one which omits or conceals material facts is the same as an outright lie when it is done with the intent to deceive or mislead. If one cannot be truthful to the court, the court simply cannot attach any weight or credibility to testimony of such person that he is not a flight risk. The court further determines that there is no condition or combination of conditions of release that will assure that Karriem will not flee. Accordingly, the magistrate judge's order revoking Karriem's release should be affirmed.

## III.   Conclusion

After careful consideration of Karriem's motion and exhibits, the Government's response, a *de novo* review of the evidence and tape recording of the detention hearing before the magistrate judge, and the magistrate judge's order, the court determines that Karriem has failed to establish that he is not a flight risk. Accordingly, the court **denies** Defendant's motion to revoke the magistrate judge's order amending his conditions of release (Appeal From Order Revok[ing] Bond). The Order Revoking Conditions of Release is **affirmed**.

**It is so ordered** this 18th day of May, 2006.

*/s/ Sam A. Lindsay*
Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order – Page 6**